## Lewis v. Philadelphia City Employees' Federal Credit Union

*Richard Kirschner*, of *Wilderman, Markowitz & Kirschner*, for plaintiffs.

*David M. Jones* and *Floyd Tompkins*, for defendants.

GREENBERG, J., February 28, 1969.—This matter is before this court as a result of plaintiffs' complaint in equity wherein they seek a preliminary injunction against the Philadelphia City Employees' Credit Union and the board of directors of said credit union. The injunction is sought in order to have stopped or

changed certain activities of the board related to the upcoming election of directors on January 27, 28 and 29, and to have certain practices within the normal and already announced election procedure changed.

We find that we do have jurisdiction over this matter since the subject of the manner of conducting elections is not specifically covered in The Federal Credit Union Act, June 26, 1934, c. 750, sec. 1, 48 Stat. 1216, which therefore distinguishes this case from House v. Schwartz, 18 Misc. 2d 21, 188 N.Y.S. 2d 308 (1959), cited by defendants. Defendants' preliminary objection to jurisdiction is therefore dismissed.

Upon consideration of the pleadings, briefs, and hearing in open court, we hereby order that:

(a) plaintiffs' request for a preliminary injunction restraining the defendants from refusing to establish polling booths at major city installations is denied; (b) plaintiffs' request for a preliminary injunction restraining the defendants from utilizing credit union funds, credit union posters and the credit union news letter to promote and advance the interests of any one particular candidate or group of candidates and from refusing to provide in the credit union news letter equal space and pictures pertaining to all candidates who are running for office is granted. In view of the situation with respect to the posters submitted as an exhibit, plaintiffs' oral request that the posters be removed is denied; however, defendants are directed not to print or publish in the future any materials which would promote the names of candidates who are incumbents over the names of any other candidates; (c) plaintiffs' request for a preliminary injunction restraining defendants from giving to any individual or group of individuals preferential listing on the ballot is granted and defendants are ordered to list the names of all the candidates in alphabetical order.